IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff, )  v. )  )  LADALE F. WASHINGTON, )  )  Defendant. )  ) | No.  07-10205 |

### Memorandum and Order

The defendant Ladale F. Washington was convicted by a jury on January 14, 2009, on two counts of unlawful possession of a firearm by a previously convicted felon.  Following the verdict, the court revoked the defendant's bond pursuant to 18 U.S.C. § 3143(a)(1) after a proffer from the Government showed that defendant's release would pose a danger to the community.

The matter came before the court again on January 30, 2009, for a hearing on defendant's Motion for Release on Bond.  Doc. 39.  In his motion, defendant argues that he is not a flight risk or danger to the community.  He argues that he has complied with all of his conditions of release. Defendant points out that he has a young son, and asks that he be allowed to spent time with his son before being sentenced.

The proffer of the Government and the report of the Probation Office, which the defendant has not disputed, show that the defendant was drinking and using drugs in his aunt's house while he was on release.  Shortly before the trial began he submitted a UA that was positive for marijuana.  Because of his conduct, the defendant is unable to live with his aunt anymore, which was one of the conditions of his release.  The defendant proposed as an

alternative that he live with Latifah Jones, but the Government proffers that Ms. Jones is a convicted felon.  She was also with the defendant at the time of the instant offense.

Section 3143 provides in part that a person who has been convicted of an offense such as this shall be detained unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released.  Based on the information before the court, the court concludes that the defendant's release would pose a danger to the community.  The defendant's continued use of drugs while on release, as well as his history and characteristics, show that no combination of conditions would reasonably assure the safety of the community.

Accordingly, the defendant's Motion for Release on Bond (Doc. 39) is DENIED.  IT IS SO ORDERED this   2nd   Day of February, 2009, at Wichita, Ks.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge